IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA  *
                          *
v.                        *     1:13-CR-010
                          *
JANICE SMALLEY            *
                          *
                          *

O R D E R

On September 9, 2013, Janice Smalley ("Smalley") pled guilty to conspiracy, two counts of misuse of health identifiers, and one count of aggravated identify theft. (Doc. 317.) On January 14, 2014, this Court sentenced Smalley to forty-four (44) months' imprisonment. (Docs. 370, 377.) Now before the Court is a filing that Smalley styled as a "Motion for Recommendation Concerning Length of Home Confinement." (Doc. 471.) Specifically, she "moves the Court to recommend to the Bureau of Prison ("BOP") that [she] receive 12 months of Home Confinement." (Id. at 1.) She cites the Second Chance Act of 2007, 18 U.S.C. §3642(c), and United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) as authority. She further emphasizes that she has been hospitalized for diabetes complications, currently requires an orthopedic boot, cane, and walker, and must sometimes use a wheelchair. (Doc. 471 at 2.)

At the outset, the Court notes that the precise nature of the relief Smalley seeks is unclear, as is the legal route — or routes — that she suggests the Court should take to award that relief. In

light of these observations, as well as the sudden influx of nearly identical fill-in-the-blank motions from a number of criminal defendants, the Court construes Smalley's motion broadly and analyzes it on several bases. For the reasons that follow, all those bases dictate that Smalley's motion must be **DENIED**. (Doc. 471.)

"A district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)).

None of these avenues are available to the Court in this case. Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). Smalley's motion does not allege that the Court committed any such error. Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). No such motion has been filed by the government. Moreover, the BOP has not moved to reduce Smalley's term of imprisonment based on extraordinary circumstances or age, and there is no applicable change in the sentencing

guidelines that has reduced Smalley's guideline range. See 18 U.S.C. § 3582(c).

Furthermore, as Smalley acknowledges (see doc. 471 at 2), the "primary authority to designate defendant's manner and place of confinement at any stage during execution of [her] prison sentence rests with the Bureau of Prisons, not with the Court." United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997). The proper vehicle to challenge the *execution* of a sentence, rather than the *validity* of the sentence itself, is a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Morales-Morales, 985 F. App'x 663, 664 (11th Cir. 2010); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008); Veneziano v. Grayer, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.")(citations omitted). Even if the Court liberally construes Smalley's motion to be a § 2241 petition, her claim still must be dismissed for lack of jurisdiction because she did not file it in the district in which she is incarcerated — the United States District Court for the Northern District of Texas. See United States v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted).

3

Finally, to the extent Smalley merely asks — as other defendants have — for a letter of recommendation for the BOP's consideration, the Court declines to do so. This Court sentenced Smalley pursuant to the Sentencing Reform Act of 1984 and fully weighed the 18 U.S.C. § 3553(a) factors. It adheres to the letter *and spirit* of the rule that it may not modify a term of imprisonment once it has been imposed, except where expressly permitted. To make gratuitous judicial recommendations at the post-conviction stage too closely resembles reconsideration of the sentence that the Court already carefully considered.[1] This the Court is unwilling to do.

For these reasons, the Court **DENIES** Smalley's "Motion for Recommendation Concerning Length of Home Confinement." (Doc. 471.)

**ORDER ENTERED** at Augusta, Georgia this 21st day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court acknowledges the Ninth Circuit's suggestion in dicta in Ceballos that district courts have the authority "to make . . . non-binding recommendations to the [BOP] at any time — including but not limited to — during the sentencing colloquy." 671 F.3d at 856 n.2. Ceballos, however, is not binding in this circuit and, in any case, Ceballos also recognized that district courts have the authority *not to make* such recommendations. Id.

4